■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL SUAREZ, Appellant. [608 NYS2d 321] —Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered August 8, 1992, convicting him of burglary in the first degree (two counts), assault in the first degree, and attempted rape in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The County Court properly declined to suppress identification testimony since the hearing evidence established that the prompt showup procedure was permissible. The victim identi-

fied the defendant approximately 20 minutes after giving a description to the police and the defendant was apprehended only a quarter to a half-mile away from the scene of the crime. The factual circumstances represented one unbroken chain of events—crime, escape, pursuit, apprehension, and identification—all of which occurred in rapid sequence within a limited geographic area *(see, People v Duuvon,* 77 NY2d 541, 544-545; *People v Hawkins,* 188 AD2d 616; *People v Mitchell,* 185 AD2d 249). Moreover, the County Court correctly determined that the People had established an independent basis for an in-court identification, given the victim's observations of the defendant during the assault *(see, People v Adams,* 53 NY2d 241, 251; *People v Ramos,* 42 NY2d 834; *People v Smalls,* 112 AD2d 173, 174).

The defendant's claims regarding the sufficiency of the evidence in support of his convictions of assault in the first degree and attempted rape in the first degree were not preserved for appellate review since he failed to assert the claims in support of his argument for dismissal of these counts before the trial court *(see, People v Logan,* 74 NY2d 859; *People v Colavito,* 70 NY2d 996; *People v Bynum,* 70 NY2d 858). In any event, we find that the injuries sustained by the victim were clearly sufficient to support a finding by the jury of serious physical injury *(see, People v Kern,* 75 NY2d 638, *cert denied* 498 US 824; *People v Meneses,* 195 AD2d 527; *People v Brown,* 184 AD2d 856; *People v Blunt,* 176 AD2d 741; *People v Sutter,* 162 AD2d 644). Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of assault in the first degree and attempted rape in the first degree beyond a reasonable doubt. Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The sentence imposed on the defendant was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review *(see, People v Velasquez,* 76 NY2d 905, 908; *People v Spence,* 182 AD2d 845). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.