■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD LYNCH, Appellant. [728 NYS2d 489] —Appeal by the de-

fendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered June 30, 1999, convicting him of robbery in the first degree, robbery in the second degree (two counts), and assault in the first degree, upon a jury verdict, and sentencing him to concurrent determinate terms of 25 years, 15 years, and 5 years imprisonment, respectively. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statements to law enforcement authorities.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence for robbery in the first degree to a determinate term of 10 years imprisonment and robbery in the second degree (two counts) to a determinate term of 5 years imprisonment; as so modified, the judgment is affirmed.

The police had reasonable suspicion to stop and frisk the defendant based on the totality of the circumstances. This included a radio transmission providing a general description of the perpetrators of a crime and the defendant's location, the close proximity of the defendant to the site of the crime, the brief period of time between the crime and the discovery of the defendant near the location of the crime, and the detective's observation of the defendant, who matched the radio-transmitted description of one of the perpetrators (*see, People v Wilson,* 225 AD2d 568; *People v Ellison,* 222 AD2d 693). As such, the subsequent identification evidence of the complainant and the defendant's post-arrest statements were admissible at trial.

The sentence imposed was excessive to the extent indicated. Ritter, J. P., S. Miller, Feuerstein and Schmidt, JJ., concur.