THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN SAFFORD, Appellant. [748 NYS2d 61]

The defendant's contention that the police did not have a reasonable suspicion to stop and detain him for a showup identification is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10). In any event, the defendant partially matched the description of one of the perpetrators furnished by the complainants, and the showup identification was justified by its spatial and temporal proximity to the crime and was not unduly suggestive (*see People v Duuvon,* 77 NY2d 541, 544; *People v Herrell,* 278 AD2d 339, 340).

The manner in which the defendant was stopped and detained did not elevate the encounter to a full-blown arrest (*see People v Allen,* 73 NY2d 378, 380; *People v Persaud,* 244 AD2d 577; *People v Evans,* 237 AD2d 458). The complainants' prompt identification of the defendant during the showup provided probable cause for his arrest (*see People v Vaughan,* 293 AD2d 693, *lv denied* 98 NY2d 682).

The trial court providently exercised its discretion in only giving an adverse inference charge with respect to the People's destruction of certain *Rosario* material (*see People v Rosario,* 9 NY2d 286). The defendant failed to demonstrate that he suffered any prejudice or that the People acted in bad faith (*see People v Martinez,* 71 NY2d 937; *People v Jarvis,* 249 AD2d 417).

The trial court properly submitted the counts of robbery in the first degree to the jury. The evidence failed to establish that the handgun displayed during the commission of the crime was unloaded or incapable of being fired (*see People v Cotarelo,* 129 AD2d 725; *People v Francis,* 126 AD2d 740).

The statements made by the codefendant Kenneth Mitchell during his plea allocution were properly admitted at trial as a

declaration against penal interest to establish an element of the crime charged (*see People v Brensic,* 70 NY2d 9; *People v Thomas,* 68 NY2d 194, *cert denied* 480 US 948). S. Miller, J.P., Crane, Cozier and Rivera, JJ., concur.