■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVENCY ST. PREUX, Appellant. [782 NYS2d 363]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered November 14, 2002, convicting him

of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress physical evidence recovered from his automobile at the time of his arrest. The factual findings and credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]; People v Crider, 301 AD2d 612, 614 [2003]). The record clearly supports the hearing court's determination denying suppression because the police had probable cause to search the defendant's automobile (see People v Galak, 81 NY2d 463 [1993]; People v Blasich, 73 NY2d 673 [1989]; People v Ellis, 62 NY2d 393 [1984]; People v Langen, 60 NY2d 170 [1983], cert denied 465 US 1028 [1984]; People v Belton, 55 NY2d 49 [1982]). In light of the foregoing, we do not address the propriety of the hearing court's alternative conclusion that the search was proper as incident to the defendant's arrest. Prudenti, P.J., Krausman, Adams and Spolzino, JJ., concur.