meaning of the Constitution; motion for leave to appeal otherwise denied.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. TYRONE JACKSON, Appellant, v FRANK J. TRACEY, as Superintendent of the Downstate Correctional Facility, Respondent.

Submitted April 25, 2005; decided June 9, 2005

Motion, insofar as it seeks leave to appeal from that part of the Appellate Division order that denied appellant's motion for poor person relief dismissed upon the ground that such part of the order does not finally determine the proceeding within the meaning of the Constitution; motion for leave to appeal otherwise denied. Motion for poor person relief dismissed as academic.

[833 NE2d 704, 800 NYS2d 369]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES DANIELS, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BYRON ROBINSON, Appellant.

Argued April 26, 2005; decided June 14, 2005

APPEARANCES OF COUNSEL

*Legal Aid Society*, New York City (*Andrew C. Fine* and *Laura R. Johnson* of counsel), for appellant in the first above-entitled action.

*Robert M. Morgenthau, District Attorney*, New York City (*Mark Dwyer* of counsel), for respondent in the first above-entitled action.

*Legal Aid Bureau of Buffalo, Inc.*, Buffalo (*Mary Good, David C. Schopp* and *Barbara J. Davies* of counsel), for appellant in the second above-entitled action.

*Frank J. Clark, District Attorney*, Buffalo (*J. Michael Marion* of counsel), for respondent in the second above-entitled action.

*Mischel Neuman & Horn, P.C.*, New York City (*James E. Neuman* of counsel), and *Richard D. Willstatter* for New York State Association of Criminal Defense Lawyers and another, amici curiae in the first and second above-entitled actions.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division in each case should be af-

firmed. Defendants seek to have their persistent felony offender sentences (Penal Law § 70.10; CPL 400.20) vacated. In contrast to *People v Rivera* (5 NY3d 61 [2005]), defendants did not preserve their claims under *Apprendi v New Jersey* (530 US 466 [2000]). The prosecution argues that this failure precludes our review of the issue, while defendants contend that an alleged *Apprendi* violation goes to the mode of proceedings and does not require preservation. Even if an *Apprendi* violation may be raised as an unpreserved mode of proceedings error (*see People v Rosen*, 96 NY2d 329, 335 [2001]), defendants would not prevail on the merits (*see Rivera*).

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

In each case: Order affirmed in a memorandum.