■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BRYAN M. GIL, Respondent. [803 NYS2d 634]—

Appeal by the People from an order of the Supreme Court, Suffolk County (Mullen, J.), dated February 18, 2004, which, in effect; granted that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the order is reversed, on the law and the facts, and that branch of the defendant's omnibus motion which was to suppress identification testimony is denied.

"[P]rompt showup identifications which are conducted in close geographic and temporal proximity to the crime are not 'presumptively infirm,' and in fact have generally been allowed" (*People v Ortiz,* 90 NY2d 533, 537 [1997], quoting *People v Duuvon,* 77 NY2d 541, 543 [1991]). In this case, "the police had reasonable suspicion to pursue, stop, and detain the defendant based upon . . . [a] broadcast which provided . . . a general description [and based on] the close proximity of the defendant to the site of the crime, and the short passage of time between the crime [and the defendant's stop]" (*People v Green,* 10 AD3d 664 [2004]; *see People v Rodgers,* 6 AD3d 464, 465 [2004]; *People v Holland,* 4 AD3d 375 [2004]; *People v Hunt,* 306 AD2d 497, 498 [2003]). The defendant's unusual behavior in running across the street and ducking down behind a tree or bushes added to the reasonable suspicion that justified the defendant's detention pending the victim's prompt "show-up" identification of him as one of the robbers.

The identification procedure in this case was not improper merely because the defendant was handcuffed at the time that he was displayed to the victim (*see e.g. People v Armstrong,* 11 AD3d 721, 722 [2004]; *People v Robinson,* 8 AD3d 1028, 1029 [2004], *affd sub nom. People v Daniels,* 5 NY3d 738 [2005]; *People v Pierre,* 2 AD3d 461, 462 [2003]). Nor was the procedure improper merely because the victim had been told that the police had a suspect in custody (*see e.g. People v Tarangelo,* 258 AD2d 305 [1999]; *People v Green,* 256 AD2d 85 [1998]; *People v Stafford,* 215 AD2d 212 [1995]). Crane, J.P., Luciano, Fisher and Lifson, JJ., concur.