■ The People of the State of New York, Respondent, v Michael Hilton, Appellant. [810 NYS2d 19]—

Judgment, Supreme Court, New York County (Joan C. Sudolnik, J.), rendered April 12, 2002, as amended May 14, 2002, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him, as a persistent felony offender, to a term of 15 years to life, and order, same court and Justice, entered January 8, 2004, which denied defendant's motion pursuant to CPL 440.20 to set aside his sentence, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). We reject defendant's argument that the evidence established no more than a simple, nonforcible purse snatching. On the contrary, the evidence established that defendant used and threatened the immediate use of force to facilitate his theft of the victim's purse, by blocking the victim's exit, demanding money and holding a bottle in a threatening manner. The fact that defendant was acquitted of first-degree robbery as charged under a dangerous instrument theory (Penal Law § 160.15 [3]) does not warrant a different conclusion (*see People v Rayam*, 94 NY2d 557 [2000]).

At the request of counsel, we reserved decision of defendant's appeal pending the appeal of the Second Department's decision in *People v Rivera* (2 AD3d 543 [2003]) as to whether New York's persistent felony offender sentencing procedure, in which such issue is decided by the judge, is unconstitutional, and whether

the Court of Appeals decision upholding such procedure (*People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]) was incorrect in light of *Apprendi v New Jersey* (530 US 466 [2000]), *Ring v Arizona* (536 US 584 [2002]) and *Blakely v Washington* (542 US 296 [2004]).

On June 9, 2005, in a 5-2 decision, the Court of Appeals affirmed *Rivera* (5 NY3d 61 [2005]), refusing to overrule *Rosen* and sustaining the constitutionality of the persistent felony offender statutes. Five days later, in *People v Daniels* (5 NY3d 738 [2005]), the Court unanimously affirmed a decision (308 AD2d 389 [2003]) where we had held that a constitutional challenge to the procedure for sentencing as a persistent felony offender was unpreserved for appellate review and, in any event, was without merit. Accordingly, we find that the motion court properly denied defendant's motion to vacate his sentence as a persistent felony offender (*see People v Daniels*, 5 NY3d 738 [2005], *supra*; *People v Rivera*, 5 NY3d 61 [2005], *supra*; *People v Rosen*, 96 NY2d 329 [2001], *supra*).

After the foregoing decisions were handed down, defense counsel requested and was granted leave to file a supplemental brief asking us to reduce the sentence in the interest of justice. We have now considered the supplemental briefs submitted on that issue and see no reason to disturb the sentence imposed.

As reflected in the sentencing minutes, the court carefully considered the presentence memorandum and statements on the record in defendant's behalf, including his troubled childhood, his drug addiction and his present affliction with AIDS. Nevertheless, the court felt, and we agree, that in view of defendant's very lengthy and serious criminal record—which was set forth in detail on the record and is replete with violent acts against women, dating from 1972 (just after defendant turned 16), until this latest crime (committed just three months after his release on parole from a 16-year sentence for a series of push-in robberies of elderly women)—the interests of society are best served by extended incarceration and lifetime supervision.

We have considered and rejected defendant's remaining claims. Concur—Buckley, P.J., Andrias, Saxe and Nardelli, JJ.