■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREMAYNE HILL, Appellant. [841 NYS2d 115]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered October 1, 2002, convicting him of criminal possession of a forged instrument in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the police were justified in stopping the vehicle he was driving and temporarily detaining him, since they had a reasonable suspicion that the defendant was involved in the passing of counterfeit money that had taken place just minutes earlier (*see* CPL 140.50 [1]; *People*

*v Martinez*, 80 NY2d 444, 446-447 [1992]; *People v Hollman*, 79 NY2d 181, 185 [1992]; *People v Lynch*, 285 AD2d 518, 519 [2001]; *People v Private*, 259 AD2d 504 [1999]). The showup identification of the defendant was properly conducted several minutes after the defendant was stopped (*see People v Safford*, 297 AD2d 828 [2002]; *People v Suarez*, 201 AD2d 747 [1994]).

After the defendant was identified, the police had probable cause to arrest him (*see* CPL 140.10 [1] [b]; *People v De Bour*, 40 NY2d 210, 223 [1976]; *People v Moore*, 296 AD2d 426 [2002]). Once the defendant was arrested, and a paper cutter bearing ink markings was found in the back seat of the defendant's vehicle in plain view, the police had probable cause to search the trunk of the car for additional contraband (*see People v Galak*, 81 NY2d 463, 467 [1993]; *People v Langen*, 60 NY2d 170, 181-182 [1983], *cert denied* 465 US 1028 [1984]; *People v St. Preux*, 11 AD3d 491 [2004]; *People v Morgan*, 10 AD3d 369 [2004]). Therefore, the hearing court's denial of those branches of the defendant's motion which were to suppress physical evidence and identification testimony should not be disturbed (*see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Jade*, 286 AD2d 688 [2001]).

The defendant's claim that the evidence was legally insufficient to sustain his conviction is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19-21 [1995]; *People v Betts*, 292 AD2d 539 [2002]; *People v Adams*, 281 AD2d 486 [2001]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*).

The defendant's trial attorney provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]). Moreover, the sentence imposed was not excessive (*see* CPL 470.15 [2] [c]; [6] [b]; CPL 470.20 [6]; *People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80 [1982]). Miller, J.P., Mastro, Krausman and Carni, JJ., concur.