■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CRUMBLE, Appellant. [842 NYS2d 35]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered February 7, 2005, convicting him of robbery in the first degree (two counts), robbery in the second degree, attempted robbery in the first degree, attempted robbery in the third degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Grosso, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court improperly denied that branch of his omnibus motion which was to suppress identification testimony. The defendant's contentions that a showup at which he was identified was unduly suggestive because he was the only African-American present at the time that the identification was made, and that police pointed him out to one of the complainants prior to the identification, as well as his contention that there were no exigent circumstances warranting a showup identification, are unpreserved for appellate review (*see People v Espala,* 223 AD2d 461 [1996]; *People v Cruz,* 221 AD2d 653 [1995]). In any event, the People established at the *Wade* hearing (*see United States v Wade,* 388 US 218 [1967]) that the showup identification of the defendant was properly conducted within close spatial and temporal proximity to the crimes (*see People v Duuvon,* 77 NY2d 541 [1991]; *People v Safford,* 297 AD2d 828 [2002]; *People v Attebery,* 223 AD2d 714 [1996]; *People v Suarez,* 201 AD2d 747 [1994]; *People v Yearwood,* 197 AD2d 554 [1993]; *People v Slade,* 174 AD2d 639 [1991]). Contrary to the defendant's contentions, the showup was not rendered unduly suggestive because the complainants knew that the police had a suspect in custody (*see People v Gil,* 21 AD3d 1120 [2005]; *People v Sharpe,* 259 AD2d 639 [1999]), or because the defendant was handcuffed and in the presence of police officers (*see People v McCorkle,* 272 AD2d 273 [2000]; *People v Edey,* 248 AD2d 401 [1998]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-45 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*). Rivera, J.P., Ritter, Florio and Fisher, JJ., concur.