■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MOBLEY, Appellant. [872 NYS2d 158]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered December 8, 2005, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The trial court properly permitted the complainant to testify that immediately after the defendant and his companions robbed him at gunpoint, the complainant observed the defendant and his companions rob other passengers in the same subway car. Such testimony established the complainant's ability to identify the defendant as one of the individuals who robbed him (*see People v Gines,* 36 NY2d 932 [1975]; *People v Molineux,* 168 NY 264 [1901]; *People v Wilson,* 225 AD2d 642 [1996]). Moreover, any prejudice to the defendant was obviated by the court's limiting instruction immediately after the complainant's testimony concerning the uncharged crimes (*see People v Allweiss,* 48 NY2d 40, 49 [1979]; *People v Leach,* 259 AD2d 633 [1999]).

Contrary to the defendant's contention, the police were justified in temporarily detaining him based on their reasonable suspicion that he was involved in a robbery that had occurred only minutes earlier in close proximity to where he was stopped (*see People v De Bour,* 40 NY2d 210, 223 [1976]; *People v Hill,* 41 AD3d 733 [2007]; *People v Daniels,* 304 AD2d 478 [2003]). After the defendant was identified in a showup conducted soon

after he was stopped, the police had probable cause to arrest him (*see* CPL 140.10 [1] [b]; *People v De Bour,* 40 NY2d at 223). Accordingly, the hearing court's denial of that branch of the defendant's omnibus motion which was to suppress identification testimony should not be disturbed (*see People v Prochilo,* 41 NY2d 759, 761 [1977]).

The defendant's challenge to the prosecutor's summation is unpreserved for appellate review (*see* CPL 470.05 [2]), and his remaining contention is without merit. Mastro, J.P., Rivera, Angiolillo and McCarthy, JJ., concur.