■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO NUNEZ, Appellant. [920 NYS2d 146]—

" '[A]s a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred,' even if the underlying reason for the stop was to investigate another matter unrelated to the traffic violation" (*People v Sluszka*, 15 AD3d 421, 423 [2005],

quoting *People v Robinson*, 97 NY2d 341, 348-349 [2001]; *see Whren v United States*, 517 US 806, 810 [1996]). Here, the police stopped the defendant because he was talking on a cell phone while driving a motor vehicle, which is a violation of Vehicle and Traffic Law § 1225-c (2) (a). The showup identification of the defendant was properly conducted several minutes after the defendant was stopped (*see People v Hill*, 41 AD3d 733, 734 [2007]; *People v Safford*, 297 AD2d 828 [2002]; *People v Suarez*, 201 AD2d 747 [1994]). After the defendant was identified as one of the perpetrators of the crime at issue, the police had probable cause to arrest him (*see* CPL 140.10 [1] [b]; *People v De Bour*, 40 NY2d 210, 223 [1976]; *People v Moore*, 296 AD2d 426 [2002]). Accordingly, the Supreme Court properly denied those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

The defendant's contention that the verdict was repugnant because the jury found him guilty of assault in the first degree while acquitting him of four counts of criminal possession of a weapon in the fourth degree is without merit. Viewing the elements of the crimes as charged to the jury (*see People v Tucker*, 55 NY2d 1, 7 [1981]), the verdict was not repugnant, since the acquittal on the counts of criminal possession of a weapon in the fourth degree did not negate any of the elements of assault in the first degree (*see People v Ariza*, 77 AD3d 844 [2010], *lv denied* 15 NY3d 951 [2010]; *People v Moses*, 36 AD3d 720 [2007]).

The defendant's contention that certain comments made by the prosecutor during summation constituted reversible error is unpreserved for appellate review, since he only made a general objection to the disputed remarks. "A party's failure to specify the basis for a general objection renders the argument unpreserved" (*People v Tonge*, 93 NY2d 838, 839-840 [1999]; *see* CPL 470.05 [2]; *People v Balls*, 69 NY2d 641, 642 [1986]). In any event, the contention is without merit.

The Supreme Court providently exercised its discretion in prohibiting the defendant from impeaching the complainant, whom the defendant had called as his witness, since the complainant's testimony that he could not recall who had hit him did not affirmatively damage the defendant's case (*see* CPL 60.35 [1]; *People v Saez*, 69 NY2d 802, 804 [1987]; *People v Fitzpatrick*, 40 NY2d 44, 50 [1976]; *People v Spurgeon*, 63 AD3d 863, 864 [2009]). The Supreme Court also properly ruled that defense counsel could not question the complainant about his manslaughter conviction. As a general rule, a party may not impeach its own witness. Moreover, the information was only

sought to discredit the witness, and not to "mitigate the more damaging effect" such revelation "would have . . . if elicited on cross-examination" (*People v Alcantara*, 78 AD3d 721, 722 [2010]; *see People v Guy*, 223 AD2d 723, 724 [1996]; *People v Minsky*, 227 NY 94, 98 [1919]).

The defendant's remaining contentions are without merit. Covello, J.P., Dickerson, Eng and Sgroi, JJ., concur.