Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Sullivan, J.), rendered January 25, 2011, convicting him of assault in the first degree, burglary in the first degree (two counts), burglary in the second degree (three counts), grand larceny in the third degree, criminal possession of stolen property in the third degree, attempted grand larceny in the third degree, unlawful imprisonment in the first degree, petit larceny (two counts), possession of burglar’s tools, attempted grand larceny in the fourth degree, unauthorized use of a vehicle in the third degree, endangering the welfare of a child, criminal possession of a weapon in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant’s omnibus motion which were to suppress physical evidence, identification testimony, and certain of his statements to law enforcement officials.
Ordered that the judgment is affirmed.
The record supports the hearing court’s determinations that the People established that the police had reasonable suspicion to detain the defendant and that the reasonable suspicion ripened into probable cause to place him under arrest (see People v Mobley, 58 AD3d 756, 756-757 [2009]). Accordingly, the hearing court properly denied those branches of the defendant’s omnibus motion which were to suppress physical evidence, identification testimony, and certain of his statements to law enforcement officials.
The Supreme Court properly denied the defendant’s request for a charge on the justification defense with respect to the charge of assault in the first degree, since no reasonable view of the evidence supported such a charge (see People v Watts, 57 NY2d 299, 301 [1982]). Viewed in the light most favorable to the defendant, the evidence was not sufficient to support a finding that the victim, rather than the defendant, was the “initial aggressor” (Penal Law § 35.15 [1] [b]; see CJI2d[NY] Justification: Use of Physical Force in Defense of a Person [definition of “initial aggressor”]; CJI2d[NY] Justification: Use of Deadly Physical Force in Defense of a Person [definition of “initial aggressor”]). In any event, the defendant’s use of deadly force against the victim would not have been justified since no rational view of the evidence would permit a jury to conclude *1016 that the defendant satisfied his duty to retreat (see Penal Law § 35.15 [2] [a]; People v McGhee, 4 AD3d 485, 486 [2004]; People v Powell, 181 AD2d 923 [1992]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Florio, J.E, Leventhal, Austin and Roman, JJ., concur.