Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered April 26, 2011, convicting him of attempted robbery in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Jacobson, J.), of that branch of the defendant’s omnibus motion which was to suppress identification testimony.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, the identification procedure during which two friends of the victim identified the defendant was not unduly suggestive (see People v Clark, 85 NY2d 886, 888 [1995]; People v Walker, 285 AD2d 481 [2001]; People v Burgos, 246 AD2d 394 [1998]; People v Spruill, 232 AD2d 278, 279 [1996]). The suppression hearing transcript reflects that mere minutes after the crime occurred and within three blocks of the crime scene, the two friends spontaneously identified the defendant while canvassing the area with police officers. Moreover, according to the uncontradicted testimony of an officer who participated in the canvass, the two friends chose the direction of the canvass.
Similarly without merit is the defendant’s contention that a showup procedure involving a third friend of the victim was unduly suggestive. Through the hearing testimony of two police officers, the Feople provided a detailed account of the circum *732 stances of the showup and presented evidence that the showup was conducted in close spatial and temporal proximity to the commission of the crime (see People v Ortiz, 90 NY2d 533, 537 [1997]; People v Duuvon, 77 NY2d 541, 544-545 [1991]; People v Traylor, 69 AD3d 659, 660 [2010]; People v Stevens, 43 AD3d 1088, 1089 [2007]). Thus, the burden shifted to the defendant to establish that the identification procedure was unduly suggestive (see People v Ortiz, 90 NY2d at 537). The defendant did not meet his burden (see People v Crumble, 43 AD3d 953, 953 [2007]; People v Gil, 21 AD3d 1120, 1121 [2005]; People v Rubi, 19 AD3d 139, 140 [2005]; People v Williams, 15 AD3d 244, 246 [2005]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Eng, P.J., Balkin, Roman and Miller, JJ., concur.