■ In the Matter of Nathaniel W., a Person Alleged to be a Juvenile Delinquent, Appellant. [993 NYS2d 311]—Order of disposition, Family Court, New York County (Mary E. Bednar, J.), entered on or about June 6, 2012, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, and placed him on probation for a period of 12 months, unanimously affirmed, without costs.

The petition was facially sufficient (*see generally Matter of Rodney J.*, 83 NY2d 503 [1994]). The allegations adequately supported an inference of accessorial liability.

The court properly denied appellant's motion to suppress a showup identification. The showup, which was conducted in close spatial and temporal proximity to the crime, was justified by the interest of making a prompt determination as to whether appellant was involved in the crime (*see People v Love*, 57 NY2d 1023, 1024 [1982]). The record fails to support appellant's assertion that the police made suggestive remarks to the victim in connection with the showup.

The court's finding was based on legally sufficient evidence

and was not against the weight of the evidence (see *People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis to disturb the court's determinations concerning credibility. The victim's testimony as to appellant's conduct before, during and after the crime supports the inference that he shared his companion's intent to steal the victim's phone and intentionally aided his companion in doing so. Concur—Gonzalez, P.J., Saxe, Richter, Feinman and Kapnick, JJ.