■ In the Matter of MADELINE D., a Person Alleged to be a Juvenile Delinquent, Appellant. [5 NYS3d 169]—

Appeal from an order of disposition of the Family Court, Kings County (Jacqueline D. Williams, J.), dated March 28, 2014. The order adjudicated Madeline D. to be a juvenile delinquent, and placed her on probation under the supervision of the New York City Department of Probation for a period of 24 months. The appeal brings up for review an order of that court (Emily M. Olshansky, J.), dated December 17, 2013, which denied the motion of Madeline D. to suppress identification evidence, and an order of fact-finding of that court (Emily M. Olshansky, J.), dated January 14, 2014, which, after a hearing, found that the appellant committed acts, which, if committed by an adult, would have constituted the crimes of robbery in the second degree (two counts), assault in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The suppression court properly found that the showup procedure at which the appellant was identified was not unduly suggestive. " 'While showup procedures are generally disfavored, they are permissible, even in the absence of exigent circumstances, when they are spatially and temporally proximate to the commission of the crime and not unduly suggestive' " (*People v Cuesta*, 103 AD3d 913, 915 [2013], quoting *People v Berry*, 50 AD3d 1047, 1048 [2008]). In this case, the appellant was detained approximately 15 minutes after the commission of the subject offenses and a few blocks away from where they were committed. She was then immediately returned to the crime scene, where a subway booth clerk, who had witnessed the commission of the offenses, identified her as one of the perpetrators. Contrary to the appellant's contentions, the showup was not rendered unduly suggestive merely because the appellant was handcuffed (*see People v Calero*, 105 AD3d 864, 865 [2013]; *People v Bitz*, 209 AD2d 709, 709-710 [1994]), or because the witness knew that the police had a suspect or suspects in custody (*see People v Crumble*, 43 AD3d 953, 953 [2007]; *People v Gil*, 21 AD3d 1120, 1121 [2005]).

Contrary to the appellant's contention, her detention by the police was not unlawful. The hearing evidence demonstrated that the police had reasonable suspicion that the appellant and the three individuals accompanying her were the individuals described in a radio report as the perpetrators of a robbery which had been committed only a few minutes prior to the stop of the appellant and her companions. The police were justified in stopping and detaining the appellant and the three other individuals based on the similarities between them and the individuals described over the radio, including the number of individuals, their ages and clothing, the close proximity of the individuals to the site of the crime, and the short passage of time between the commission of the crime and the observation of the four individuals (*see People v Palmer*, 84 AD3d 1414, 1414 [2011]; *People v Williams*, 73 AD3d 1097, 1099 [2010]; *People v Holland*, 4 AD3d 375, 376 [2004]). Furthermore, the police detention of the appellant, during which she was transported to the crime scene for a showup procedure, permitting the subway booth clerk to identify her as one of the perpetrators of the subject offenses, did not constitute an arrest (*see People v Parris*, 70 AD3d 725, 726 [2010]; *People v Largo*, 282 AD2d 548, 549 [2001]).

Viewing the evidence in the light most favorable to the pre-

sentment agency (*cf. People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, assault in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree. Moreover, upon the exercise of our factual review power (*cf.* CPL 470.15 [5]), we are satisfied that the determination was not against the weight of the evidence (*see Matter of Lenford C.*, 35 AD3d 462, 462 [2006]). Rivera, J.P., Austin, Roman and Barros, JJ., concur.