SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

1164
CAF 14-01921
PRESENT: SCUDDER, P.J., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF CHARLES P.,
RESPONDENT-APPELLANT.

---------------------------        MEMORANDUM AND ORDER

MONROE COUNTY ATTORNEY,
PETITIONER-RESPONDENT.

---

CHARLES PLOVANICH, ATTORNEY FOR THE CHILD, ROCHESTER, FOR
RESPONDENT-APPELLANT.

MERIDETH H. SMITH, COUNTY ATTORNEY, ROCHESTER (PAUL D. IRVING OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Monroe County (Joan S. Kohout, J.), entered September 22, 2014 in a proceeding pursuant to Family Court Act article 3. The order, inter alia, adjudicated respondent to be a juvenile delinquent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order adjudicating him to be a juvenile delinquent based on the finding that he committed acts that, if committed by an adult, would constitute two counts of the crime of robbery in the second degree (Penal Law § 160.10 [1], [3]). We reject respondent's contention that the showup identification procedure was unduly suggestive. The showup was conducted in temporal and geographic proximity to the crime (*see Matter of Jose T.*, 127 AD3d 875, 877; *People v Williams*, 118 AD3d 1478, 1479, *lv denied* 24 NY3d 1090; *People v Kirkland*, 49 AD3d 1260, 1260-1261, *lv denied* 10 NY3d 961, *cert denied* 555 US 1181). The fact that respondent was in handcuffs and accompanied by an officer at the time of the showup did not, by itself, render the procedure unduly suggestive (*see Matter of Madeline D.*, 125 AD3d 965, 966; *People v Cooper*, 152 AD2d 939, 939, *lv denied* 74 NY2d 846; *see also Matter of Terron B.*, 77 AD3d 499, 500). In addition, nothing said by the officers was unduly suggestive or otherwise improper (*see Matter of Nathaniel W.*, 121 AD3d 407, 407; *People v Jeffries*, 125 AD2d 412, 412, *lv denied* 69 NY2d 882).

Although respondent preserved for our review his contention that the evidence is legally insufficient to establish that he committed the robbery as a principal, he failed to preserve for our review his further contention that the evidence is legally insufficient to establish that he shared the intent of the actual perpetrators and is culpable as an accomplice (*see Matter of Jonathan S.*, 55 AD3d 1324,

1324-1325). In any event, we conclude that the evidence is legally sufficient to establish that he committed acts that, if committed by an adult, would constitute the crime of robbery in the second degree under Penal Law § 160.10 (1) and (3). The evidence, viewed in the light most favorable to the presentment agency, established that respondent was one of three perpetrators who forcibly stole personal property from the victim and then entered the victim's vehicle and fled the scene. Respondent "knowingly participated" in the acts and is culpable as an accomplice (*People v Allah*, 71 NY2d 830, 832; *see* § 20.00; *Matter of Kadeem W.*, 5 NY3d 864, 867; *Matter of Jamal G.*, 127 AD3d 1081, 1082). We further conclude that the court's findings are not against the weight of the evidence (*see Matter of Shannon F.*, 121 AD3d 1595, 1596, *lv denied* 24 NY3d 913; *Matter of Isaac J.*, 109 AD3d 1176, 1176; *Matter of Shawn D.R.-S.*, 94 AD3d 1544, 1545).

Entered:  November 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court