■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v McKIBBIN LAVENTURE, Appellant. [30 NYS3d 212]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dwyer, J.), rendered February 6, 2012, convicting him of robbery in the first degree and attempted assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Dowling, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court improperly denied that branch of his omnibus motion which was to suppress identification testimony. The People established at a *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]) that the showup identification of the defendant was properly conducted within close spatial and temporal proximity to the crime (*see People v Ortiz*, 90 NY2d 533, 537 [1997]; *People v Crumble*, 43 AD3d 953, 953 [2007]; *see also People v Howard*, 22 NY3d 388, 402 [2013]; *People v Thompson*, 129 AD2d 655, 656-657 [1987]). Contrary to the defendant's contention, the showup was not unduly suggestive (*see People v Dunbar*, 104 AD3d 198, 217 [2013], *affd* 24 NY3d 304 [2014]; *People v Barksdale*, 66 AD3d 793, 794 [2009]; *People v Crumble*, 43 AD3d at 953; *People v Gil*, 21 AD3d 1120, 1121 [2005]; *People v Sharpe*, 259 AD2d 639, 639 [1999]; *see also People v Brisco*, 99 NY2d 596, 597 [2003]).

Contrary to the defendant's contention, the trial court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371, 376 [1974])

was not improper (*see People v Hayes*, 97 NY2d 203, 207-208 [2002]). The extent to which the prosecution should be allowed to impeach the credibility of a defendant is a matter that is generally left to the sound discretion of the trial court (*see People v Hayes*, 97 NY2d at 207; *People v Sandoval*, 34 NY2d at 375; *People v Shields*, 46 NY2d 764, 765 [1978]). Here, the court's *Sandoval* ruling permitting the People to inquire as to whether the defendant had been convicted of two crimes, but precluding any questioning about the underlying facts of one of those prior crimes, avoided any undue prejudice to the defendant, and constituted a provident exercise of the court's discretion (*see People v McLaurin*, 33 AD3d 819, 820 [2006]; *see also People v Smith*, 18 NY3d 588, 594 [2012]; *People v White*, 60 AD3d 1095, 1096 [2009]; *People v Springer*, 13 AD3d 657, 658 [2004]; *People v Torres*, 12 AD3d 539, 540 [2004]; *People v Telesford*, 2 AD3d 757 [2003]). Rivera, J.P., Dillon, Chambers and Dickerson, JJ., concur.