◼ In the Matter of Tyshawn B., a Person Alleged to be a Juvenile Delinquent, Appellant. [34 NYS3d 635]—

Appeal from an order of disposition of the Family Court, Kings County (Barbara Salinitro, J.), dated December 15, 2015.

The order adjudicated Tyshawn B. a juvenile delinquent, and directed his placement in a nonsecure detention facility for a period of 12 months. The appeal brings up for review an order of fact-finding of that court dated November 24, 2015, which, after a hearing, found that the appellant committed acts, which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, and menacing, and the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress identification evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant contends that the hearing court improperly denied that branch of his omnibus motion which was to suppress identification testimony. The presentment agency established at the *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]) that the showup identification of the appellant was properly conducted within close spatial and temporal proximity to the crime (*see People v Cuesta*, 103 AD3d 913, 915 [2013]; *People v Davis*, 39 AD3d 873 [2007]). Contrary to the appellant's contention, the showup was not unduly suggestive (*see Matter of Madeline D.*, 125 AD3d 965 [2015]; *People v Crumble*, 43 AD3d 953 [2007]; *People v Gil*, 21 AD3d 1120 [2005]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *Matter of Ashley P.*, 74 AD3d 1075, 1075-1076 [2010]; *Matter of Eddie J.*, 68 AD3d 870 [2009]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant, in concert with another, forcibly stole property from the victim (*see* Penal Law § 160.10 [1]; *see also Matter of Corey S.*, 139 AD3d 533 [2016]; *Matter of Virginia B.*, 21 AD3d 1029, 1030 [2005]; *People v Thomas*, 273 AD2d 161 [2000]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Stanley F.*, 76 AD3d 1067 [2010]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Danielle B.*, 94 AD3d 757, 758 [2012]). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Starsha R.*, 96 AD3d 952 [2012]; *cf. People v Romero*, 7 NY3d 633 [2006]). Dillon, J.P., Cohen, Barros and Connolly, JJ., concur.