People v Duvert (2024 NY Slip Op 03829)

People v Duvert

2024 NY Slip Op 03829

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2019-05601
 (Ind. No. 4641/18)

[*1]The People of the State of New York, respondent,
v
Luckson Duvert, appellant.

Patricia Pazner, New York, NY (Sam Feldman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Rachel Raimondi, and Keerthana Nunna of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered April 12, 2019, convicting him of robbery in second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is affirmed.
At approximately 2:30 a.m. on June 19, 2018, police officers interviewed the complainant, who reported that he had been robbed of his cell phone and wallet. The complainant provided descriptions of the assailants, the minivan the assailants were driving, and the minivan's license plate number. The police officers located the complainant's stolen cell phone through an application on one of the police officer's cell phones. The police officers, with the complainant in their patrol car, drove to the location where the stolen cell phone was "pinging." After arriving at the location, the complainant stated, "[t]hat's the car" and, with respect to two of the individuals in the minivan, stated, "[t]hat's them." The police officers followed the minivan from that location, and, after backup officers arrived, stopped the minivan. The defendant was taken out of the minivan and placed in handcuffs. The complainant was asked to confirm his identification of the defendant, and the complainant once again stated, "[t]hat's them."
Contrary to the defendant's contention, the identification of the defendant while he was in the minivan was not unduly suggestive (see People v Chipp, 75 NY2d 327, 335; People v Dabreo, 108 AD3d 731). The second identification made by the complainant was confirmatory of the first identification made minutes earlier (see People v Belton, 143 AD3d 835). The identification procedure was not rendered unduly suggestive by the fact that the defendant was handcuffed and in the presence of police officers (see People v Croom, 171 AD3d 781, 782). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
Accordingly, we affirm the judgment of conviction.
BARROS, J.P., MALTESE, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court