■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered October 14, 1986, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to sustain the jury's verdict of the defendant's guilt of robbery in the second degree. Moreover, upon the exercise of our factual review power *(see,* CPL 470.15 [5]), we conclude that the guilty verdict was not against the weight of the evidence. Although several inconsistencies existed in the complainant's testimony, these inconsistencies were fully explored by defense counsel on cross-examination and created an issue of credibility for the jury to determine *(see, People v McCrimmon,* 131 AD2d 598). Based on the facts and circumstances of this case, we conclude that the jury's determination should not be disturbed.

We also reject the defendant's claim that he was deprived of a fair trial by reason of the trial court's ruling which permitted the complainant to make an in-court identification of the defendant despite the fact that the complainant initially misidentified the defendant's twin brother at the *Wade* hearing as her assailant. In the first instance, it is significant to note that the defendant does not claim that the lineup and photo array identifications made by the complainant of the defendant were unduly suggestive. Rather, the defendant

maintains that the prosecutor's allegedly suggestive conduct, at the *Wade* hearing, after the complainant initially misidentified the defendant's twin brother, prompted the complainant to correctly identify the defendant, and, thus, the complainant's subsequent in-court identification was tainted. We disagree. The record indicates that during the *Wade* hearing, the complainant was unable to clearly view the defendant, who was seated next to his twin brother, due to the poor lighting conditions and the physical layout of the courtroom. After the complainant misidentified the defendant's twin brother as her assailant, she identified the defendant as her assailant. Contrary to the defendant's contention, the hearing court specifically noted that it did not observe any conduct or gestures on the part of the prosecutor towards the complainant during this period. In any event, even assuming that the complainant's identification of the defendant at the *Wade* hearing was tainted, the evidence clearly supports the hearing court's finding that an independent source existed for the complainant's in-court identification. The robbery occurred on a well-lit street during which time the complainant and the defendant were in close proximity to one another. The complainant, who was paying close attention to the defendant, recognized him from the neighborhood. Notably, the complainant identified the defendant's photograph less than one week after the robbery and thereafter selected him from a lineup. Under these circumstances, it is clear that the complainant's in-court identification of the defendant was not tainted by her *Wade* hearing identification. Finally, on this point it is significant to note that the defense counsel fully explored the complainant's misidentification of the defendant's twin brother during his cross-examination of the complainant.

We also find that the trial court acted properly in denying the defense counsel's request that the complainant expose her arms to the jury in an attempt to demonstrate that she used drugs. Defense counsel failed to establish the relevancy of the complainant's alleged drug habit to her ability to observe her assailant during the robbery or its materiality to any other issue in the case *(see, People v Malphurs,* 111 AD2d 266, 270; Fisch, NY Evidence § 136 [2d ed]). Similarly, we reject the defendant's contention that the trial court committed reversible error in charging the jury that it could not infer drug use on the part of the complainant. The court's instruction was obviously prompted by defense counsel's repeated requests, over the prosecutor's sustained objections, that the complainant expose her arms to the jury, thereby suggesting that the

jury draw the inference that the complainant used drugs. In any event, the error, if any, resulting from the trial court's instruction was harmless in view of the overwhelming proof of the defendant's guilt. Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.