■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES FOUNTAIN, Appellant.—Judgment, Supreme Court, Bronx County (Frank Diaz, J. at trial and sentence), rendered November 28, 1988, convicting defendant, after jury trial, of robbery in the second degree, grand larceny in the fourth degree, and resisting arrest, and sentencing him as a second felony offender, to concurrent terms of imprisonment of 7½ to

15 years, 2 to 4 years, and 1 year, respectively, unanimously affirmed.

Defendant was charged with acting in concert in the street robbery of three gold chains from Julio Stubbs on March 23, 1988.

Proposed trial testimony of a friend of defendant, to the effect that defendant had telephoned her just prior to the time of the robbery to advise that he would be coming to visit her home in the vicinity of the robbery, was properly precluded as hearsay not admissible as a declaration of serious intent because the circumstances under which defendant's statement was made were unknown, and the proposed testimony was not relevant to any material issue in the case. *(See, People v Chambers,* 125 AD2d 88, *appeal dismissed* 70 NY2d 694.)

Additionally, any prejudice to defendant that may have arisen out of his own admission of an arrest-related interview form bearing the marking "CCIU" which was briefly identified by the arresting officer, on cross-examination, as a "Career Criminal Investigation Unit" form, was alleviated by the trial court's prompt curative action of precluding any further reference to the nature of the interviewing agency and striking the brief reference from the record, as requested by the defense counsel. *(See, e.g., People v Santiago,* 52 NY2d 865.)

This court finds no error in the trial court's charge to the jury that it is usual, and not illegal, for a prosecutor to talk to his witnesses, in light of the clear and continued suggestion by the defense through cross-examination by defendant's counsel of the People's witnesses and summation, that the prosecutor improperly coached the People's witnesses to effect a "cover-up" of the mistaken arrest of defendant. *(See, e.g., People v Jones,* 154 AD2d 396.) In the circumstances, the trial court's charge was a proper exercise of its inherent power to keep the proceedings within the reasonable confines of the issues and to encourage clarity rather than obscurity in the development of the proof. *(See, People v Moulton,* 43 NY2d 944.) Concur— Carro, J. P., Milonas, Ellerin, Kupferman and Rubin, JJ.