■ In the Matter of ANTHONY W., a Person Alleged to be a Juvenile Delinquent, Appellant. [726 NYS2d 450] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the juvenile appeals (1) from a fact-finding order of the Family Court, Kings County (Hepner, J.), dated October 5, 1999, made after a hearing, finding that he had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, and (2), as limited by his brief, from so much of an order of disposition of the same court, dated November 9, 1999, as adjudged him to be a juvenile delinquent. The appeal brings up for review the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress identification testimony.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

The Family Court properly declined to suppress the complainant's in-court identification. The testimony adduced at the independent source hearing established that during the commission of the crime, the complainant had multiple opportunities to observe the appellant at close range, during daylight hours, for a period of five to ten minutes. Under these circumstances, the Presentment Agency met its burden of demon-

strating by clear and convincing evidence that the in-court identification of the appellant was based on the complainant's independent observation, and not the showup identification (*see, People v Adams,* 53 NY2d 241, 251; *Matter of Vernal J.,* 266 AD2d 215; *People v Paul,* 222 AD2d 706).

The appellant's remaining contentions are without merit. Santucci, J. P., Krausman, McGinity and Feuerstein, JJ., concur.