◼ In the Matter of LOUIS C., a Person Alleged to be a Juvenile Delinquent, Appellant. [774 NYS2d 567]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Heffernan, J.), dated July 15, 2003, which, upon a fact-finding order of the same court dated January 15, 2003, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the first degree, rob-

bery in the second degree, and robbery in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 18 months. The appeal brings up for review the fact-finding order dated January 15, 2003, and the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress identification testimony.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant only partially preserved his claim of insufficiency of the evidence. In any event, viewing the evidence in a light most favorable to the presentment agency, we find that it was legally sufficient to support the findings of the Family Court (*see Matter of Frank C.,* 283 AD2d 643 [2001]; *cf. People v Contes,* 60 NY2d 620 [1983]). Further, the findings were not against the weight of the evidence (*cf.* CPL 470.15 [5]; *People v Gaimari,* 176 NY 84, 94 [1903]). Here, the evidence established that the appellant entered a restaurant with three male friends. Thereafter, the appellant and the other three males went outside the restaurant and surrounded the complainant to prevent his escape. The complainant's pockets were grabbed when he did not comply with a demand for money. One of the boys punched him in the jaw and another struck him with a skateboard. The appellant remained with the group and they all fled. After the encounter, the complainant discovered that the $4 he had in his back pocket was missing. The appellant's initial and continued participation in the incident was sufficient to establish that he shared the intent to commit the acts which, if committed by an adult, would constitute the crimes of robbery in the first, second, and third degrees (*see Matter of Juan J.,* 81 NY2d 739 [1992]; *Matter of Joseph J.,* 205 AD2d 777 [1994]; *Matter of Daniel F.,* 200 AD2d 571 [1994]).

Contrary to the appellant's contention, the police properly detained him for a prompt showup identification, made within minutes of the incident and in close proximity to the crime scene. Further, there was no evidence of undue suggestiveness (*see People v Duuvon,* 77 NY2d 541 [1991]; *People v Love,* 57 NY2d 1023 [1982]; *People v Braithwaite,* 286 AD2d 507 [2001]).

The appellant's remaining contention is without merit. Altman, J.P., Florio, Luciano and Mastro, JJ., concur.