■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK DELL, Appellant. [784 NYS2d 114]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered April 8, 2002, convicting him of burglary in the first degree and robbery in the first degree, upon a jury verdict, and sentencing him to two consecutive definite terms of imprisonment of 17 years. The appeal brings up for review the denial, after a hearing (Collini, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the sentences are to run concurrently; as so modified, the judgment is affirmed.

The Supreme Court properly declined to suppress the in-court identification of the defendant by two of the victims. The testimony at an independent source hearing established that the victims had multiple opportunities to observe the defendant at close range for a lengthy period of time during the commission of the crime. Therefore, the Supreme Court correctly determined that there was an independent source for the identifications (*see People v Paris,* 2 AD3d 881 [2003]; *People v Brown,* 293 AD2d 686 [2002]; *Matter of Anthony W.,* 284 AD2d 473 [2001]).

Since the defendant successfully moved to suppress evidence of the pretrial lineup and the witness involved did not identify the defendant in court, it was not error for the Supreme Court to preclude the defendant from eliciting testimony regarding the witness's misidentification of a filler at the lineup (*cf. People v Jones,* 154 AD2d 396 [1989]).

The defendant's contention that the Supreme Court erred in failing to give a missing witness charge with respect to one of the victims of the crime is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Thompson,* 286 AD2d 453 [2001]; *People v Buster,* 245 AD2d 460, 461 [1997]; *People v Russell,* 209 AD2d 650, 651 [1994]). Although the defense counsel asserted that he might request such a charge, the record indicates that he never requested that charge. In any event, the witness was made available to the defense and, in fact, testified as part of the defendant's case that he could not identify the defendant as one of the perpetrators of the crime (*see People v Costa,* 183 AD2d 722, 723 [1992]). It cannot be said that the defendant

would have obtained a greater benefit had the jury been permitted to consider the adverse inference contained in the missing witness charge (*see People v Gonzalez,* 68 NY2d 424, 427 [1986]).

The sentence imposed was excessive to the extent indicated herein.

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Ritter, J.P., Santucci, Cozier and Skelos, JJ., concur.