THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK DELL, Appellant. [890 NYS2d 586]—

In 2002 the defendant was convicted, after a jury trial, of robbery in the first degree and burglary in the first degree, and was sentenced to two consecutive 17-year prison terms, which sentence was modified by this Court on appeal to run concurrently (*see People v Dell*, 11 AD3d 631 [2004]). Neither the sentencing minutes nor the order of commitment mentioned any period of postrelease supervision (hereinafter PRS).

In 2007, after the Department of Correctional Services administratively added a five-year period of PRS to his sentence, the defendant moved, pursuant to CPL 440.20, to vacate his sentence. The Supreme Court Justice who had presided at the defendant's trial and imposed the original sentence granted the motion to the extent of directing a resentencing proceeding. At that proceeding, the same Justice denied the defendant's request to be resentenced to concurrent 12-year terms of imprisonment and a five-year period of PRS, and instead resentenced the defendant to two concurrent 17-year terms of imprisonment, in accordance with this Court's decision and order on the prior appeal, plus a 2½-year period of PRS.

On appeal, the defendant contends that the resentencing court failed to exercise its discretion to consider whether the sentence as a whole was appropriate in view of the fact that the sentence would now include a period of PRS (*see People v Farrar*, 52 NY2d 302 [1981]). To the contrary, the record establishes that the resentencing court rejected the defendant's proposed

resentence and determined, in the exercise of its discretion, that even with the addition of a period of PRS, concurrent 17-year terms of imprisonment remained appropriate. Skelos, J.P., Fisher, Belen and Lott, JJ., concur.