■ In the Matter of MALIK S.R., a Person Alleged to be a Juvenile Delinquent, Appellant. [901 NYS2d 524]—In two related juvenile delinquency proceedings pursuant to Family Court Act article 3, the appeals are from (1) an order of disposition of the Family Court, Kings County (Weinstein, J.), dated September 1, 2009, which, upon a fact-finding order of the same court dated March 16, 2009, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of attempted robbery in the second degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months under docket No. D-24677-08, and (2) an order of disposition of the same court, also dated September 1, 2009, which, upon a fact-finding order of the same court dated August 5, 2009, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of attempted assault in the third degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 12 months under docket No. D-17390-09, to run concurrently with the placement under docket No. D-24677-08. The appeals from the orders of disposition bring up for review the fact-finding orders dated March 16, 2009, and August 5, 2009, respectively.

Ordered that the orders of disposition are affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *Matter of Charles S.*, 41 AD3d 484, 485 [2007]), we find that it was legally sufficient to support the finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the second degree and attempted assault in the third degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*cf.* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*cf. People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family

Court's fact-finding determinations were not against the weight of the evidence (*cf. People v Romero*, 7 NY3d 633 [2006]). The appellant's course of conduct before, during, and after the attempted robbery was inconsistent with that of a mere bystander and established his accessorial liability (*see Matter of Jonathan V.*, 43 AD3d 470, 471 [2007]). Furthermore, the appellant's intent to cause physical injury to the complainant could be inferred from the appellant's conduct and the surrounding circumstances (*see Matter of Eric C.*, 281 AD2d 543, 544 [2001]; *Matter of Marcel F.*, 233 AD2d 442, 442-443 [1996]).

We reject the appellant's contention that his placement should have been less restrictive. The Family Court has broad discretion in determining dispositions (*see Matter of Rudolph S.*, 13 AD3d 459, 460 [2004]; Family Ct Act § 141). The Family Court carefully considered the less-restrictive alternatives to the appellant's placement, and properly balanced the appellant's needs with the need for the protection of the community (*see* Family Ct Act § 352.2 [2]). Accordingly, the Family Court providently exercised its discretion. Skelos, J.P., Covello, Hall and Sgroi, JJ., concur.