■ In the Matter of DAQUON W., a Person Alleged to be a Juvenile Delinquent, Respondent. [937 NYS2d 589]—

The hearing court suppressed respondent's statement and all identification evidence on the ground that respondent's arrest was unlawful. However, the court erred in suppressing the victim's potential in-court identification.

"As to [an] in-court identification . . . , it is settled that such an identification will not be precluded by the fact of an antecedent unlawful seizure, so long as the in-court identification proceeds from an independent recollection" (*People v Pleasant*, 54 NY2d 972, 973 [1981], citing *United States v Crews*, 445 US 463 [1980]). Here, the court found that "the two minutes the complainant saw his assailants, at close range, was an adequate amount of time for him to make an independent source identification." The hearing record fully supports that determination.

We have considered and rejected respondent's procedural claims. In particular, we find that appellant presentment agency's objections to the hearing court's ruling were sufficiently specific to preserve the issue raised on appeal, and that the court made an express finding of independent source. Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Román, JJ.