Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Grella, J.), rendered March 30, 2012, convicting him of robbery in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (McCormack, J.) pursuant to a stipulation in lieu of motions, of the suppression of identification testimony and physical evidence.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, the police officers who responded to reports of two robberies acted lawfully in stopping him and his two accomplices. The general similarity of the physical characteristics of the defendant and his companions to the descriptions of the offenders that were broadcast in two police radio calls, the observation of the men in close temporal *1104 and spatial proximity to the crimes, and the other attendant circumstances supported a finding of reasonable suspicion that the men were involved in criminal activity (see People v Martinez, 80 NY2d 444 [1992]; People v Williams, 73 AD3d 1097 [2010]; People v Warren, 276 AD2d 505 [2000]).
We likewise reject the contention that the hearing court erred in denying suppression of the showup identification of the defendant, made shortly after the robberies occurred and within blocks of the two crime scenes. A showup is permissible where, as in this case, it is conducted in close physical and temporal proximity to the commission of a crime for the purpose of securing a prompt and reliable identification (see People v Ortiz, 90 NY2d 533 [1997]; People v Julien, 100 AD3d 925 [2012]; People v Hicks, 78 AD3d 1075 [2010]; People v Williams, 73 AD3d 1097 [2010]; People v Bennett, 37 AD3d 483 [2007]). The fact that the defendant was viewed in the company of the police and in the vicinity of several patrol cars did not render the showup identification constitutionally infirm (see People v Mais, 71 AD3d 1163 [2010]; People v Gonzalez, 57 AD3d 560 [2008]; People v Siler, 45 AD3d 1403 [2007]; People v Pierre, 2 AD3d 461 [2003]).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), the evidence was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witness, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Similarly unavailing are the defendant’s contentions regarding the amendment of the indictment (see CPL 200.70 [1]; People v Daum, 278 AD2d 505 [2000]; People ex rel. Shaffer v Kuhlmann, 173 AD2d 1034 [1991]; People v Ames, 115 AD2d 543 [1985]), ineffective assistance of counsel (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]), and the imposition of consecutive sentences (see People v Ramirez, 89 NY2d 444, 454 [1996]; People v Ayala, 36 AD3d 827 [2007]; People v Niles, 258 AD2d 478 [1999]).
The defendant’s remaining contentions regarding prosecutorial misconduct and improper summation remarks are unpre *1105 served for appellate review (see CPL 470.05 [2]; People v Romero, 7 NY3d 911, 912 [2006]; People v Floyd, 97 AD3d 837 [2012]) and, in any event, without merit. Mastro, Angiolillo, Leventhal and Chambers, JJ., concur.