■ In the Matter of ANTHONY A., a Person Alleged to be a Juvenile Delinquent, Appellant. [994 NYS2d 384]—

In a juvenile delinquency proceeding pursuant to Family

Court Act article 3, Anthony A. appeals from an order of disposition of the Family Court, Queens County (Hunt, J.), dated January 27, 2014, which, upon a finding that he violated the terms and conditions of an order of disposition of the same court dated August 19, 2013, and upon a fact-finding order of the same court dated July 23, 2013, made after a hearing, finding that he committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, menacing in the second degree, criminal possession of stolen property in the fifth degree, and criminal possession of a weapon in the fourth degree, adjudging him to be a juvenile delinquent, and placing him on probation for a period of 18 months, vacated the order of disposition dated August 19, 2013, and placed him in the custody of the New York City Administration for Children's Services for a period of 18 months, with credit for time spent in detention pending disposition. The notice of appeal from the order of disposition dated August 19, 2013, is deemed a premature notice of appeal from the order of disposition dated January 27, 2014 (see CPLR 5520 [c]). The appeal brings up for review the fact-finding order dated July 23, 2013.

Ordered that the order of disposition dated January 27, 2014, is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, the appellant's identity as the person who committed the acts complained of (see Matter of Jayson V., 117 AD3d 960 [2014]; Matter of Javier C., 116 AD3d 1039 [2014]; Matter of Shaquary B., 110 AD3d 1065 [2013]; Matter of Dajahn M., 110 AD3d 812 [2013]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Hasan C., 59 AD3d 617, 617-618 [2009]; cf. CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see Matter of Brooklyn B., 77 AD3d 934, 935 [2010]; Matter of Victor I., 57 AD3d 778, 779 [2008]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination with regard to the issue of the appellant's identity was not against the weight of the evidence (see Matter of Jayson V., 117 AD3d at 960; Matter of Javier C., 116 AD3d at 1039). Rivera, J.P., Dickerson, Roman and Duffy, JJ., concur.