■ In the Matter of TYQUAN C., a Person Alleged to be a Juvenile Delinquent, Appellant. [998 NYS2d 188]—Order of disposition, Family Court, New York County (Mary E. Bednar, J.), entered on or about July 25, 2013, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts, that, if committed by an adult, would constitute the crimes of robbery in the second degree, grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, and placed him with the Administration for Children's Services' Close to Home program for a period of 18 months, unanimously affirmed, without costs.

The court's finding was not against the weight of the evi-

dence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's determinations concerning identification and credibility. The record establishes that the victim had a sufficient opportunity to observe appellant, and that he made a reliable identification.

The court properly exercised its discretion in denying appellant's recusal motion (*see People v Moreno*, 70 NY2d 403, 405 [1987]). The court is presumed capable of making a fair fact-finding determination, based on the evidence adduced at that proceeding and the relevant burden of proof, notwithstanding that it had presided over other hearings earlier in the case and made findings of fact on issues other than appellant's guilt or innocence. We have considered and rejected appellant's argument that the court was legally disqualified under Judiciary Law § 14. Concur—Gonzalez, P.J., Tom, Friedman, Acosta and Moskowitz, JJ.