■ In the Matter of JAMAL G., a Person Alleged to be a Juvenile Delinquent, Appellant. [7 NYS3d 500]—

Appeal from an order of disposition of the Family Court, Kings County (Terrence J. McElrath, J.), dated March 10, 2014. The order adjudicated Jamal G. a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review the denial, after a hearing, of that branch of Jamal G.'s motion which was to suppress identification testimony, and an order of fact-finding of that court (Emily M. Olshansky, J.), dated December 23, 2013, which, after a hearing, found that he had committed acts which, if committed by an adult, would have constituted the crime of attempted robbery in the second degree.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months has been rendered academic, as the period of placement has expired (*see Matter of Jonathan E.*, 119 AD3d 943 [2014]). However, since there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudged the appellant to be a juvenile delinquent, and which brings up for review the suppression ruling and the order of fact-finding, has not been rendered academic (*see* Family Ct Act § 783; *Matter of Jonathan E.*, 119 AD3d 943 [2014]).

The Family Court properly declined to suppress the complainant's in-court identification of the appellant. The testimony adduced at the independent source hearing established that the complainant had multiple opportunities to observe the appellant at close range during the commission of the crime, which

took place during daylight hours, for a period of up to two minutes. The description of the appellant that the complainant gave the police was sufficiently specific to establish his ability to observe the appellant at the time of the crime. Under these circumstances, the presentment agency met its burden of demonstrating by clear and convincing evidence that the complainant's in-court identification of the appellant was based on the complainant's independent observation, and not a challenged showup identification (*see Matter of Myasia C.*, 110 AD3d 411 [2013]; *Matter of Daquon W.*, 92 AD3d 422 [2012]; *Matter of Anthony W.*, 284 AD2d 473 [2001]; *Matter of Vernal J.*, 266 AD2d 215 [1999]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, the appellant's identity as one of the perpetrators who committed the acts complained of (*see Matter of Tyquan C.*, 123 AD3d 502, 503 [2014]; *Matter of Anthony A.*, 121 AD3d 885, 886 [2014]; *Matter of Shaquary B.*, 110 AD3d 1065 [2013]; *Matter of Dajahn M.*, 110 AD3d 812, 813 [2013]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.*, 59 AD3d 617, 617-618 [2009]; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Victor I.*, 57 AD3d 778, 780 [2008]; *Matter of Brooklyn B.*, 77 AD3d 934, 935 [2010]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination with regard to the appellant's identity was not against the weight of the evidence (*see Matter of Tyquan C.*, 123 AD3d at 503; *Matter of Anthony A.*, 121 AD3d at 886; *Matter of Shaquary B.*, 110 AD3d at 1066; *Matter of Dajahn M.*, 110 AD3d at 813). Mastro, J.P., Balkin, Sgroi and Miller, JJ., concur.