In the Matter of ELJIHN C., a Person Alleged to be a Juvenile Delinquent, Appellant. [22 NYS3d 206]—

Appeal from an order of disposition of the Family Court, Kings County (Michael Ambrosio, J.), dated January 21, 2015. The order adjudicated Eljihn C. a juvenile delinquent, upon an order of fact-finding of that court dated November 5, 2014, which, after a hearing, found that he committed acts which, if committed by an adult, would have constituted the crimes of robbery in the first degree, robbery in the second degree, unlawful imprisonment in the first degree, and grand larceny in the fourth degree, and placed him on probation for a period of 12 months. The appeal from the order of disposition brings up for review the order of fact-finding and the denial, after a hearing, of that branch of Eljihn C.'s omnibus motion which was to suppress identification testimony.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contentions, the evidence at a suppression hearing established that the police officers had reasonable suspicion to detain him for the purpose of conducting a showup identification (see People v De Bour, 40 NY2d 210, 223 [1976]; Matter of Jose T., 127 AD3d 875, 876 [2015]; Matter of Madeline D., 125 AD3d 965, 966 [2015]; People v Peterson, 110 AD3d 1103, 1103 [2013]). The fact that the officers used handcuffs to detain the appellant and other individuals while awaiting the arrival of the complainant for the showup identification "did not transform the detention into a full-blown arrest" (People v Worthy, 308 AD2d 555, 555 [2003]; see People v Allen, 73 NY2d 378 [1989]; Matter of Jose T., 127 AD3d at 876).

The showup identification procedure, which was conducted in close spatial and temporal proximity to the crime, was not unduly suggestive (see Matter of Jose T., 127 AD3d at 876; People v Peterson, 110 AD3d at 1104; People v Calero, 105 AD3d 864, 865 [2013]; People v Rivera, 59 AD3d 467 [2009]; People v Jay, 41 AD3d 615 [2007]). Furthermore, a showup identification is "not rendered unduly suggestive by the simultaneous display of multiple suspects" (People v Bumbray, 259 AD2d 364, 364 [1999]). Accordingly, the Family Court properly denied that branch of the appellant's omnibus motion which was to suppress identification testimony.

Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]; Matter of Jamal G., 127 AD3d 1081, 1082 [2015]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant was one of the perpetrators who

committed the acts complained of (*see Matter of Jamal G.*, 127 AD3d at 1082; *Matter of Tyquan C.*, 123 AD3d 502, 503 [2014]; *Matter of Anthony A.*, 121 AD3d 885, 886 [2014]). Furthermore, the appellant's conduct before, during, and after the acts established beyond a reasonable doubt that he acted in concert to commit the charged acts (*see Matter of Tyrika L.*, 110 AD3d 886, 887 [2013]; *Matter of Kenyetta F.*, 49 AD3d 540, 541 [2008]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Jamal G.*, 127 AD3d at 1082; *Matter of Hasan C.*, 59 AD3d 617, 617-618 [2009]; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Jamal G.*, 127 AD3d at 1082; *Matter of Victor I.*, 57 AD3d 778, 780 [2008]; *Matter of Brooklyn B.*, 77 AD3d 934, 935 [2010]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination that the appellant was one of the participants in the acts underlying the charges in the petition was not against the weight of the evidence (*see Matter of Jamal G.*, 127 AD3d at 1082; *Matter of Tyquan C.*, 123 AD3d at 503; *Matter of Anthony A.*, 121 AD3d at 886).

The appellant's remaining contentions are without merit. Balkin, J.P., Austin, Miller and Hinds-Radix, JJ., concur.