■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAYQUAN SEGAR, Appellant. [25 NYS3d 685]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered January 7, 2013, convicting him of burglary in the second degree and robbery in the second degree,

upon a jury verdict, and sentencing him to consecutive determinate terms of imprisonment of 15 years on the conviction of burglary in the second degree and 7 years on the conviction of robbery in the second degree, followed by a period of postrelease supervision.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment imposed on the conviction of burglary in the second degree from 15 years to 11 years; as so modified, the judgment is affirmed.

The defendant's arguments regarding the legal sufficiency of the identification evidence are unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484 [2008]; *People v Phillips*, 123 AD3d 1146 [2014]; *People v Jean-Marie*, 67 AD3d 704 [2009]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was excessive to the extent indicated herein (*see People v Delgado*, 80 NY2d 780 [1992]; *People v Dell*, 11 AD3d 631 [2004]; *People v Suitte*, 90 AD2d 80, 86 [1982]). Rivera, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.