In the Matter of SHAN M., a Person Alleged to be a Juvenile Delinquent, Appellant. [28 NYS3d 101]—

Appeal from an order of disposition of the Family Court, Kings County (Michael Ambrosio, J.), dated January 7, 2015. The order adjudicated Shan M. a juvenile delinquent and placed him on probation for a period of 18 months. The appeal brings up for review a fact-finding order of that court dated October 17, 2014, which, after a hearing, found that Shan M. committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, menacing in the third degree, attempted assault in the third degree, and criminal possession of stolen property in the fifth degree, and the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress identification testimony.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The presentment agency filed a petition alleging that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, menacing in the third degree, attempted assault in the third degree, and criminal possession of stolen property in the fifth degree. The appellant moved, inter alia, to suppress testimony regarding a showup identification and any in-court identification flowing therefrom. Following a *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]), the Family Court denied that branch of the appellant's motion which was to suppress identification testimony.

"While the defendant bears the ultimate burden of proving

that a showup procedure is unduly suggestive and subject to suppression, the burden is on the People first to produce evidence validating the admission of such evidence" (*People v Ortiz*, 90 NY2d 533, 537 [1997]; *see People v Mack*, 135 AD3d 962 [2016]; *People v Charles*, 110 AD3d 1094, 1095 [2013]). The People's burden consists of two elements. First, the People must "demonstrate that the showup was reasonable under the circumstances. Proof that the showup was conducted in close geographic and temporal proximity to the crime will generally satisfy this element of the People's burden" (*People v Ortiz*, 90 NY2d at 537; *see People v Guitierres*, 82 AD3d 1116, 1117 [2011]). Second, the People must produce "some evidence relating to the showup itself, in order to demonstrate that the procedure was not unduly suggestive" (*People v Ortiz*, 90 NY2d at 537).

Here, the presentment agency met its initial burden of establishing the reasonableness of the police conduct and the lack of undue suggestiveness (*see People v Jerry*, 126 AD3d 1001, 1002 [2015]; *People v Charles*, 110 AD3d at 1095-1096; *People v Calero*, 105 AD3d 864, 864-865 [2013]). In opposition, the appellant failed to satisfy his burden of demonstrating that the showup procedure was "unduly suggestive and subject to suppression" (*People v Ortiz*, 90 NY2d at 537; *see People v Jerry*, 126 AD3d at 1002; *People v Charles*, 110 AD3d at 1096; *People v Guitierres*, 82 AD3d at 1117).

Accordingly, the Family Court properly denied that branch of the appellant's motion which was to suppress identification testimony. Rivera, J.P., Dillon, Chambers and Dickerson, JJ., concur.