■ In the Matter of JARELL W., a Person Alleged to be a Juvenile Delinquent, Appellant. [26 NYS3d 877]—

Appeal from an order of disposition of the Family Court, Suffolk County (David Freundlich, J.), dated October 20, 2014. The order adjudicated Jarell W. a juvenile delinquent, upon a fact-finding determination, made after a hearing, that he committed an act which, if committed by an adult, would constitute the crime of robbery in the second degree, and placed him on probation for a period of 24 months. The appeal brings up for review the denial, after a hearing, of the motion of Jarell W. to suppress identification evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

In the absence of any evidence demonstrating that the police-arranged photo array identification evidence was the product of unduly suggestive police procedure (*see generally United States v Wade*, 388 US 218, 228 [1967]; *People v Marshall*, 26 NY3d 495 [2015]; *People v Chipp*, 75 NY2d 327, 335 [1990]), we decline to disturb the Family Court's denial of the appellant's motion to suppress the photo array identification evidence. "[A]bsent a showing of suggestiveness the [presentment agency] bear[s] no burden to come forward with evidence of an independent source" for a witness's in-court identification of a respondent (*People v Marshall*, 26 NY3d at 506; *see People v Burts*, 78 NY2d 20, 24 [1991]; *People v Chipp*, 75 NY2d at 335; *People v Brown*, 47 AD3d 826 [2008]).

The appellant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence (*cf.* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, the appellant's identity

as the person who committed acts, which, if committed by an adult, would constitute the crime of robbery in the second degree (see *Matter of Juan J.*, 81 NY2d 739, 740-741 [1992]; *Matter of Malik S.R.*, 73 AD3d 1182 [2010]; *Matter of Jonathan V.*, 43 AD3d 470 [2007]; *Matter of Louis C.*, 6 AD3d 430 [2004]; *cf.* Penal Law §§ 20.00, 160.10 [1]). Moreover, upon our independent review of the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (see *Matter of Shamik M.*, 117 AD3d 1056 [2014]; *Matter of Leonce K.O.*, 115 AD3d 955 [2014]; *Matter of Chakelton M.*, 111 AD3d 732, 733 [2013]; *Matter of Danielle B.*, 94 AD3d 757, 758 [2012]; *cf. People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Rivera, J.P., Dillon, Chambers and Dickerson, JJ., concur.