■ In the Matter of TREVOR S., a Person Alleged to be a Juvenile Delinquent, Appellant. [35 NYS3d 697]—

Appeals from (1) an order of fact-finding of the Family Court, Kings County (Jacqueline D. Williams, J.), dated July 29, 2015, and (2) an amended order of disposition of that court dated September 24, 2015. The order of fact-finding, after a hearing, found that Trevor S. committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the second degree, criminal possession of a firearm, and unlawful possession of pistol or revolver ammunition, and committed the offense of unlawful possession of weapons by persons under 16 (two counts). The amended order of disposition, upon the order of fact-finding and after a hearing, adjudicated Trevor S. a juvenile delinquent and placed him in the custody of the Commissioner of Social Services of Kings County for a period of 15 months.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the amended order of disposition and is brought up for review on the appeal from the amended order of disposition; and it is further,

Ordered that the amended order of disposition is reversed, on the facts, without costs or disbursements, the order of fact-finding is vacated, the petition is dismissed, and the matter is remitted to the Family Court, Kings County, for further proceedings pursuant to Family Court Act § 375.1.

The appellant was adjudicated a juvenile delinquent on the basis of the Family Court's finding that he committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), criminal possession of a firearm (Penal Law § 265.01-b), and unlawful possession of pistol or revolver ammunition (Administrative Code of City of NY § 10-131 [i] [3]), and committed the offense of unlawful possession of weapons by persons under 16 (two counts) (Penal Law § 265.05). The appellant contends, among other things, that the court's finding that he possessed a loaded firearm, which established an element of each of the charges, was against the weight of the evidence.

In conducting our weight of the evidence review, we have a responsibility to affirmatively review the record; independently assess all of the proof; substitute our own credibility determinations for those made by the Family Court in an appropriate case; determine whether the Family Court's determination was factually correct; and acquit the appellant if we are not convinced that the Family Court's adjudication of the appellant as a juvenile delinquent was proven beyond a reasonable doubt (see Matter of Shannel P., 137 AD3d 1039, 1041 [2016]; Matter of Danielle B., 94 AD3d 757, 758 [2012]; cf. People v Delamota, 18 NY3d 107, 116-117 [2011]; People v Danielson, 9 NY3d 342, 348 [2007]). Here, we agree with the appellant that the Family Court's finding that he possessed the loaded firearm at issue, that is, that he had physical possession or otherwise exercised dominion or control over the firearm (see Penal Law § 10.00 [8]), was against the weight of the credible evidence.

At the fact-finding hearing, Police Officer Wilhelm Thomas and Police Officer Jarrod Delaney testified that they responded to a radio call of shots fired at a particular location in Brooklyn. Upon arriving at the location, the officers observed a group of about 20 teenagers scattered around the area. On direct examination, each officer testified that he saw the appellant

walk by himself to the rear passenger-side tire of a parked van and either "make a motion" from his waistband and apparently "drop an object," or "make a gesture from his waistband towards the ground." Neither officer actually observed an object. Officer Thomas testified that at the time the appellant made the motion, the nearest individual to the appellant was approximately 5 to 10 feet away. The appellant had been walking with other individuals on the sidewalk, but separated himself from the group to approach the van. After approaching the van and making the gesture, the appellant rejoined the group he had been walking with, which had moved ahead of him on the sidewalk. Officer Thomas exited the police vehicle, approached the rear passenger-side tire of the van, and observed a firearm on the ground. Nothing else was on the ground nearby, and no one else had approached the vicinity of the tire between the time the appellant was observed in that area and when Officer Thomas discovered the firearm. The appellant was then arrested.

On cross-examination, however, the officers acknowledged that two other individuals were arrested with the appellant. Asked why one of those individuals was also arrested, Officer Thomas testified that it was because he was in the "[l]ungeable grabbable area" of the firearm at the time and was close enough to have picked it up. In addition, prior to the appellant approaching the van, other individuals were observed running by that van. Further, in rebuttal to the appellant's case, the presentment agency called Police Officer Robert O'Brien as a witness. He testified that he arrested another individual for possession of a firearm recovered in the same area. The reasonable inferences to be made from the officers' collective testimony were that at least two other individuals were with the appellant at the time of his arrest and, contrary to the initial testimony that the appellant was the only person observed in the area of the firearm, multiple individuals were in the vicinity of the firearm at the relevant time.

In addition, when the appellant was brought to the precinct, he denied possessing the firearm and asked Officer Thomas to check to see if there were cameras in the area of the incident. Officer Thomas testified that at the end of his shift on the date in question, he returned to the scene and viewed surveillance video from a store in the area. However, he did not take notes or ask for a copy of the video, and he "completely forgot to notify anybody" of his investigation or record it in his memo book. At the time of the fact-finding hearing, he could not recall whether the video he viewed depicted the street at the relevant time.

Based on the foregoing, we find that the hearing evidence failed to establish, beyond a reasonable doubt, that the appellant was either in physical or constructive possession of the loaded firearm found near the van (*see People v Joyner*, 126 AD3d 1002, 1007 [2015]; *Matter of Shamik M.*, 117 AD3d 1056, 1057-1058 [2014]), and the Family Court's fact-finding determination was against the weight of the evidence.

In light of our determination, we need not reach the appellant's remaining contentions. Chambers, J.P., Dickerson, Duffy and Brathwaite Nelson, JJ., concur.