■ In the Matter of AALIYAH R., a Person Alleged to be a Juvenile Delinquent, Appellant. [42 NYS3d 185]—

Appeal from an order of disposition of the Family Court, Queens County (Robert I. Caloras, J.), dated November 24, 2015. The order of disposition adjudicated Aaliyah R. a juvenile delinquent and placed her on probation for a period of 12 months. The appeal brings up for review an order of fact-finding of that court dated October 6, 2015, which, after a hearing, found that Aaliyah R. committed acts which, if committed by an adult, would have constituted the crimes of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, the appellant's identity as the person who committed acts which, if committed by an adult, would have constituted the crimes of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree (*see Matter of Jarell W.*, 137 AD3d 1154, 1154-1155 [2016]; *Matter of Jamal G.*, 127 AD3d 1081, 1082 [2015]; *Matter of Anthony A.*, 121 AD3d 885, 886 [2014]; *see also People v Calabria*, 3 NY3d 80, 82 [2004]; *People v Vecchio*, 31 AD3d 674, 674 [2006]; *cf. People v Foster*, 64 NY2d 1144 [1985]; *People v Ledwon*, 153 NY 10 [1897]).

"In evaluating a contention that the evidence supporting a fact-finding at a juvenile delinquency proceeding is against the weight of the evidence, a court must first determine whether a different fact-finding would not have been unreasonable" (*Matter of Danielle B.*, 94 AD3d 757, 758 [2012]). "If the court determines that a different finding would not have been unreasonable, it must then 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*id.* at 758, quoting *People v Bleakley*, 69 NY2d 490, 495 [1987]). " 'If it appears that the trier of fact has failed to give the evidence the weight it should be accorded, then the appellate court may set aside the verdict' " (*Matter of Danielle B.*, 94 AD3d at 758, quoting *People v Bleakley*, 69 NY2d at 495). "In conducting our

weight of the evidence review, we have a responsibility to affirmatively review the record; independently assess all of the proof; substitute our own credibility determinations for those made by the Family Court in an appropriate case; determine whether the Family Court's determination was factually correct; and acquit the appellant if we are not convinced that the Family Court's adjudication of the appellant as a juvenile delinquent was proven beyond a reasonable doubt" (*Matter of Trevor S.*, 141 AD3d 666, 667 [2016]; *see Matter of Shannel P.*, 137 AD3d 1039, 1041 [2016]). Nevertheless, in performing a weight of the evidence review, "this Court accords great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor" (*Matter of Danielle B.*, 94 AD3d at 758; *see Matter of Tyshawn B.*, 141 AD3d 714, 715 [2016]).

Here, upon our independent review of the record, we are satisfied that the Family Court's fact-finding determination with regard to the appellant's identity was not against the weight of the evidence (*see Matter of Jarell W.*, 137 AD3d at 1155; *Matter of Jamal G.*, 127 AD3d at 1082; *Matter of Anthony A.*, 121 AD3d at 886; *cf. Matter of Shannel P.*, 137 AD3d at 1041-1042; *Matter of Kyle O.*, 205 AD2d 541, 542-543 [1994]). Dillon, J.P., Leventhal, Cohen and Miller, JJ., concur.