■ In the Matter of DZAHIAH W., a Person Alleged to be a Juvenile Delinquent, Appellant. [58 NYS3d 159]—

Appeal from an order of disposition of the Family Court, Kings County (Alan Beckoff, J.), dated May 16, 2016. The order of disposition adjudicated Dzahiah W. a juvenile delinquent and placed her on probation for a period of 12 months. The appeal brings up for review an order of fact-finding of that court dated February 23, 2016, which, after a hearing, found that Dzahiah W. had committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree and menacing in the third degree.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months has been rendered academic, as the period of probation has expired (*see Matter of Jonathan E.*, 119 AD3d 943, 943 [2014]). However, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent has not been rendered academic, as there may be collateral consequences resulting from the adjudication of delinquency (*see Matter of Nigel H.*, 136 AD3d 1033, 1034 [2016]; *Matter of Tafari M.*, 90 AD3d 1052, 1052 [2011]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, the appellant's identity as the person who committed the acts which, if committed by an adult, would have constituted the crimes of assault in the third degree and menacing in the third degree (*see Matter of Jarell W.*, 137 AD3d 1154, 1154-1155 [2016]; *Matter of Jamal G.*, 127 AD3d 1081, 1082 [2015]; *Matter of Anthony A.*, 121 AD3d 885, 886 [2014]). Moreover, upon our independent review of the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see Matter of Jarell W.*, 137 AD3d at 1155; *Matter of Jamal G.*, 127 AD3d at 1082; *Matter of Anthony A.*, 121 AD3d at 886).

Contrary to the appellant's contention, the Family Court providently exercised its discretion in adjudicating her a juvenile delinquent and placing her on probation instead of directing an adjournment in contemplation of dismissal (*see* Family Ct Act §§ 315.3, 352.1, 352.2; *Matter of Damien S.*, 124 AD3d 667, 669 [2015]; *Matter of Tyriwali B.*, 106 AD3d 1082, 1082-1083 [2013]). This disposition was appropriate in light of, among other factors, the seriousness of the offenses, the probation department's recommendation, the appellant's poor school record and disciplinary issues at school, and the appellant's refusal to take any responsibility for her actions (*see Matter of Antoine H.*, 81 AD3d 646, 646 [2011]; *Matter of Uriah D.*, 74 AD3d 1194, 1195 [2010]). Balkin, J.P., Roman, Sgroi and Duffy, JJ., concur.