Appeal from an order of disposition of the Family Court, Queens County (Robert I. Caloras, J.), dated August 23, 2016. The order adjudicated the appellant a juvenile delinquent and placed her on probation for a period of 24 months. The appeal brings up for review the denial, after a hearing, of the appellant’s motion to suppress identification testimony, and a fact-finding order of that court dated June 23, 2016, which, after a hearing, found that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of attempted assault in the first degree, attempted gang assault in the first degree, assault in the second degree, attempted assault in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, criminal possession of a weapon in the fourth degree, and criminal mischief in the fourth degree.
 

 Ordered that the order of disposition is affirmed, without costs or disbursements.
 

 The presentment agency filed a petition alleging that the appellant committed acts which, if committed by an adult, would have constituted the crimes, inter alia, of attempted assault in the first degree, attempted gang assault in the first degree, assault in the second degree, attempted assault in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, criminal possession of a weapon in the fourth degree, and criminal mischief in the fourth degree. The appellant moved to suppress testimony regarding a showup identification and any in-court identification flowing therefrom. Following a Wade hearing (see United States v Wade, 388 US 218 [1967]), the Family Court denied the appellant’s motion.
 

 “While the defendant bears the ultimate burden of proving that a showup procedure is unduly suggestive and subject to suppression, the burden is on the People first to produce evidence validating the admission of such evidence” (People v Ortiz, 90 NY2d 533, 537 [1997]; see Matter of Shan M., 137 AD3d 1144, 1144-1145 [2016]; People v Mack, 135 AD3d 962 [2016]). The presentment agency’s burden consists of two elements. First, the presentment agency must “demonstrate that the showup was reasonable under the circumstances. Proof that the showup was conducted in close geographic and temporal proximity to the crime will generally satisfy this element of the [presentment agency’s] burden” (People v Ortiz, 90 NY2d at 537; see Matter of Shan M., 137 AD3d at 1145; People v Guitierres, 82 AD3d 1116, 1117 [2011]). Second, the presentment agency must produce “some evidence relating to the showup itself, in order to demonstrate that the procedure was not unduly suggestive” (People v Ortiz, 90 NY2d at 537; see Matter of Shan M., 137 AD3d at 1145).
 

 Here, the presentment agency met its initial burden of establishing the reasonableness of the police conduct and the lack of undue suggestiveness (see People v Jerry, 126 AD3d 1001, 1002 [2015]; People v Charles, 110 AD3d 1094, 1095-1096 [2013]; People v Calero, 105 AD3d 864, 864-865 [2013]), and the appellant failed to satisfy the ultimate burden of demonstrating that the showup procedure was unduly suggestive (see People v Ortiz, 90 NY2d at 537; People v Jerry, 126 AD3d at 1002; People v Charles, 110 AD3d at 1096; People v Guitierres, 82 AD3d at 1117). Accordingly, the Family Court properly denied the appellant’s motion to suppress identification testimony.
 

 The appellant’s challenge to the legal sufficiency of the evidence is not preserved for appellate review (cf. CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, the appellant’s identity as one of the persons who committed the acts complained of (see Matter of Jarell W., 137 AD3d 1154 [2016]; Matter of Jamal G., 127 AD3d 1081 [2015]; Matter of Anthony A., 121 AD3d 885 [2014]), and that she committed acts which, if committed by an adult, would have constituted the crimes of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]), attempted gang assault in the first degree (Penal Law §§ 110.00, 120.07), assault in the second degree (Penal Law § 120.05 [2]), attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [1]), grand larceny in the fourth degree (Penal Law § 155.30 [5]), criminal possession of stolen property in the fifth degree (Penal Law § 165.40), criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), and criminal mischief in the fourth degree (Penal Law § 145.00 [1]). Moreover, upon our independent review of the record, we are satisfied that the Family Court’s fact-finding determination was not against the weight of the evidence (see Matter of Jarell W., 137 AD3d at 1155; Matter of Jamal G., 127 AD3d at 1082; Matter of Anthony A., 121 AD3d at 886).
 

 The appellant’s remaining contentions are without merit.
 

 Leventhal, J.P., Barros, Brathwaite Nelson and Christopher, JJ., concur.