Matter of Franklin D.U. (2018 NY Slip Op 03372)





Matter of Franklin D. U.


2018 NY Slip Op 03372


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-07520
 (Docket Nos. D-3360-17, D-4535-17)

[*1]In the Matter of Franklin D. U. (Anonymous), appellant.


Arza Feldman, Uniondale, NY, for appellant.
Dennis M. Brown, County Attorney, Central Islip, NY (Ralph M. C. Sabatino of counsel), for respondent.



DECISION & ORDER
In related juvenile delinquency proceedings, Franklin D. U. appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Philip Goglas, J.), dated June 19, 2017. The order of fact-finding and disposition, insofar as appealed from, adjudicated Franklin D. U. a juvenile delinquent upon a finding that he committed acts which, if committed by an adult, would have constituted the crimes of menacing in the second degree (two counts) and criminal possession of a weapon in the fourth degree (two counts), and placed him in the custody of the New York State Office of Children & Family Services for a period of one year.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of menacing in the second degree (two counts) and criminal possession of a weapon in the fourth degree (two counts) (see Penal Law §§ 10.00[13]; 120.14[1]; 265.01[2]). Moreover, upon our independent review of the record, we are satisfied that the Family Court's fact-finding determination as to these counts was not against the weight of the evidence (see Matter of Cromwell S., 154 AD3d 857, 858; Matter of Heydi M., 154 AD3d 759, 761).
RIVERA, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court