Matter of Mohammed A. (2019 NY Slip Op 03587)





Matter of Mohammed A.


2019 NY Slip Op 03587


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-03825
 (Docket No. D-14539/17)

[*1]In the Matter of Mohammed A. (Anonymous), appellant.


Janet E. Sabel, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel) for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Deborah E. Wassel of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 3, Mohammed A. appeals from an order of disposition of the Family Court, Queens County (Robert I. Caloras, J.), dated March 14, 2018. The order of disposition adjudicated Mohammed A. a juvenile delinquent and placed him on probation for a period of 14 months. The appeal brings up for review an order of fact-finding of the same court dated December 12, 2017, which, after a hearing, found that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The appellant was accused of stealing the complainant's bicycle. Following a fact-finding hearing, he was found to have committed acts, which, if committed by an adult, would have constituted the crimes of robbery in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree.
The appellant's contention that the evidence was legally insufficient to establish his identity as the perpetrator of the subject theft is unpreserved for appellate review (see CPL 470.05[2]; People v Moore, 118 AD3d 916, 917). In any event, viewing the evidence at the fact-finding hearing in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant was the person who committed the acts at issue (see Matter of Maximus G., 165 AD3d 660, 661; Matter of Aaliyah R., 144 AD3d 923). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence, we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see Matter of Maximus G., 165 AD3d at 662; Matter of Roberto C.E.-C., 160 AD3d 851, 852). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence.
The Family Court providently exercised its discretion in denying the appellant's request for a missing witness inference. The appellant failed to demonstrate that the uncalled witnesses had material knowledge or were under the presentment agency's control (see People v [*2]Savinon, 100 NY2d 192, 197; People v Gonzalez, 68 NY2d 424, 427-428).
MASTRO, J.P., MALTESE, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court